# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                             **Case No. 04-80023-JWL**

**Gale R. Rupert,**

       **Defendant.**

## MEMORANDUM & ORDER

Defendant pled guilty to one count of mail fraud and was sentenced to six months' imprisonment with five years of supervised release. The sentencing court[1] also ordered defendant to pay restitution in the amount of $60,034.03. While serving supervised release, she violated its terms. This court then revoked defendant's supervised release and sentenced defendant to the maximum sentence of three years' imprisonment for her violations. This matter is presently before the court on defendant's request for adjustment of payment schedule pursuant to 18 U.S.C. § 3664(k) (doc. 34). The motion is denied.

Despite the label defendant gives to her motion, she is not in fact asking for an adjustment to the payment schedule established by the sentencing court with respect to the restitution order. Rather, she is complaining about her alleged inability to pay under (and the Bureau of Prison's authority to enter) the specific payment plan established for her by the Bureau of Prisons pursuant

---

[1] Defendant pled guilty to and was sentenced by the United States District Court for the Northern District of Oklahoma. Jurisdiction was transferred to this court while defendant was serving supervised release.

to the Inmate Financial Responsibility Program. *See* 28 C.F.R. §§ 545.10, 545.11. She further alleges that the payment plan established by the BOP (and, specifically, the amount of quarterly payments due under the plan) violates the sentencing court's restitution order in that it requires her to make higher payments than authorized by the sentencing court. As such, defendant's motion is properly characterized as a motion under 28 U.S.C. § 2241. *See Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002) (challenges to IFRP's payment schedule for fulfillment of financial obligations concern the execution of a sentence and are properly framed as § 2241 claims); *accord United States v. Lambert*, 2006 WL 26167, at *1 (7th Cir. Jan. 5, 2006) (same); *Durham v. Hood*, 2005 WL 1694052, at *1 (10th Cir. Feb. 10, 2005) (challenge to BOP's authority to establish payment amounts that defendant must follow in connection with court-ordered restitution attacks the execution of defendant's sentence and, thus, is properly raised in a § 2241 petition).

Construing defendant's motion as a § 2241 petition, the petition is denied as it is both premature and directed to the wrong court. *See Lambert*, 2006 WL 26167 at *1. It is undisputed that defendant has failed to exhaust her administrative remedies with respect to the complaints asserted in her motion; she is required to do so before presenting her claim to the district court. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (federal prisoners must exhaust administrative remedies prior to seeking habeas relief under § 2241). Moreover, petitions filed under § 2241 must be filed in the district where the prisoner is confined at the time the petition is filed. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). Defendant is confined at FMC Carswell in Fort Worth, Texas and her § 2241 petition must be filed in the United States

District Court for the Northern District of Texas.

For the foregoing reasons, defendant's motion is denied.

**IT IS SO ORDERED**.

Dated this 16th day of May, 2006, at Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge